UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUTH ANN KRAIS,

                              Plaintiff,

                                                        DEFENDANTS'
            -against-                                   PROPOSED
                                                        JURY INSTRUCTIONS

CENTERPORT YACHT CLUB, INC., and
SCOTT LAFRENIERE, in his individual and professional         13-CV-5741 (JS)(AKT)
capacities, and RAMON LOURIDO, in his individual and
professional capacities,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants CENTERPORT YACHT CLUB, INC., SCOTT LAFRENIERE and RAMON

LOURIDO, by and through their attorneys Law Offices of James P. Clark, P.C., respectfully

request that the jury be charged as follows:

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

ROLE OF COURT AND JURY

It is now my duty as Judge to instruct you about the law and how it applies in this case. It is your duty as jurors to follow the law as I state it. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions. You should not concern yourself with the wisdom of any rule of law. You are to decide the issues of fact and apply the law to the facts. If you have any notion of your own as to what the law is or should be, you must disregard it. The law is the law as I give it to you.

You will determine the facts in this case from the evidence submitted in the form of testimony, depositions, stipulations and exhibits. In making these determinations, you will draw whatever inferences you think are reasonable based upon your practical knowledge of the world and of people. Having observed the witnesses, you will decide how credible they are and how much weight, if any, should be given to part or all of their testimony.

Questions of the lawyers, arguments of the lawyers or what I say are not evidence. Any views I or the lawyers express as to the facts are ours -- not necessarily yours -- and you are free to ignore them. Decide the facts for yourselves.

3 Edward J. Devitt et al., Federal Jury Practice and Instructions §§ 71.01, 71.08 (4th ed. 1987).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

NATURE OF CLAIMS

Plaintiff in this case is Ruth Krais.  In these instructions I will refer to Ms. Krais as

"Plaintiff."  Defendants are the Centerport Yacht Club and Scott LaFreniere and Ramon Lourido.  I

will refer to the collectively as "Defendants."  Plaintiff's claims here allege sexual harassment and

retaliation.  They are brought against the Yacht Club only under Title VII of the Federal Civil

Rights Laws and the New York State Human Rights Law.  Plaintiff also has asserted claims against

Mr. LaFreniere and Mr. Lourido as "aiders and abetters" under the New York Human Rights Law.

I will instruct you more specifically about these claims later on in my instructions.

**DEFENDANTS' PROPOSED INSTRUCTION  NO. 3**

<u>SYMPATHY</u>

The parties to this lawsuit are equal before this Court.  No party to this lawsuit is entitled to any sympathy nor is any party to this lawsuit entitled to any favor or special consideration.  The facts in this case should be judged by you without any bias, without any prejudice, without any sympathy for either the Plaintiff or the Defendants.

Under your oath as jurors you are not to be swayed by sympathy. You should be  guided solely by the evidence presented  during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

3 Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u> §§ 71.02 - 71.04 (4th ed.  1987); <u>In re Murschison</u>,  349 U.S. 133, 75 S. Ct. 623  (1955).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### CONDUCT OF COUNSEL

Please be aware that the attorneys not only have the right, but have the duty, to make objections and to press whatever legal theories they have. They are simply performing their duty when they do those things. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Any evidence as to which any objection was sustained, and any answer or remark ordered stricken, must be disregarded in its entirety. And please put out of your mind any exchanges or discussions which may have occurred between any attorney and the court. It is not my function here to favor one side or the other, or to criticize anybody in any way whatsoever, or to indicate to you, the jury, in any way that I have any opinion as to the credibility of any witness or as to the merits of the case.

So please do not assume that I have any opinion in matters concerning this case, and please do not feel that I may have some attitude or tend to favor one side or the other. I do not.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5

### EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called them, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Adapted from O'Malley, Grenig and Lee,
Federal Jury Practice and Instructions § 103.30 (5th ed. 2000).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

### CREDIBILITY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit the entire testimony of such witness. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Adapted from O'Malley, Grenig and Lee,
Federal Jury Practice and Instructions § 105.01 (5th ed. 2000).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

### CREDIBILITY

In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Adapted from Sand, Siffert, Reiss and Batterman, <u>Modern Federal Jury Instructions</u>, ¶ 76-3 (2002).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

### CREDIBILITY - IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly or intentionally testified falsely concerning any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Adapted from O'Malley, Grenig and Lee,
Federal Practice Jury Instructions § 105.04 (5th ed. 2000).

## DEFENDANTS' PROPOSED  INSTRUCTION  NO. 9

### BURDEN OF PROOF - GENERAL

This is a civil case, and in such a case the plaintiff, Ms. Krais, has the burden of proving the material allegations of her complaint by a preponderance of the evidence.

If after considering all of the testimony, you are satisfied that plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must consider whether the Defendants have carried their burden of proof on any affirmative defenses.  If after such consideration, you find the testimony of both sides to be in balance or equally probably, then plaintiff has failed to sustain her burden and you must find for the defendants.

## DEFENDANTS' PROPOSED  JURY  INSTRUCTION  NO. 10

### BURDEN OF PROOF - PREPONDERANCE  OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish any element of her claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.   A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on any given issue is evenly divided between  the parties – that it is equally probable that one side is right as it is that the other is right – then you must decide that issue against the party having that burden of proof.  That is because the party bearing that burden must prove more than simply equality of evidence – that party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof needs to prove no more than a preponderance of evidence.  Only if you find that what the party with the burden of proof claims is more likely true than not true on any questions - then that issue will have been proved by a preponderance of evidence.

Larson v. JoAnn Cab Corp., 2009 F.2d 929 (2nd Cir. 1954).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 11

### DEPOSITIONS – USE AS EVIDENCE

During the trial of this case, certain testimony has been presented to you by way of deposition testimony. The deposition consisted of sworn, recorded answers to questions asked of thewitness in advance of the trial by one or more of the attorneys for the parties to the case.

Deposition testimony may be used for the impeachment of a witness' credibility. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

Adapted from O'Malley, Grenig and Lee,
Federal Jury Practice and Instructions, § 105.02 (5th ed. 2000).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

### NATURE OF CLAIMS

As I noted earlier, Plaintiff has brought claims of hostile work environment sexual harassment and retaliation against the Yacht Club under both federal law and New York State law. The federal anti-discrimination statute is Title VII of the Civil Rights Act of 1964 and known simply as "Title VII." The New York State anti-discrimination statute is the New York Human Rights Law. Title VII does not permit claims against individuals, as a result Plaintiff s claims under Title VII are brought only against the Yacht Club. The Human Rights Law does, however, permit claims against individuals as "aiders and abetters". As a result, Plaintiff's claims under the Human Rights Law are brought against both the Yacht Club and Mr. LaFreniere and Mr. Lourido.

Title VII and the New York Human Rights Law make it unlawful for an employer to discriminate against an employee in the terms and conditions of their employment on the basis of gender. This includes a prohibition against creating a sexually hostile work environment. These laws also make it unlawful to discriminate by retaliating against an employee who has made a complaint of discrimination. Plaintiff has asserted both a hostile work environment claim and a retaliation claim in this case. Defendants have denied all of Plaintiff's claims.

Although the standards for establishing a claim under Title VII and the New York Human Rights Law are the same, the standards for employer liability for sexual harassment are different under the New York Human Rights Law and Title VII. Therefore, you must be certain to apply the correct standard to each of Plaintiff's claims.

Adapted from Sand, Siffert, Reiss and Batterman,
Modern Federal Jury Instructions , ¶ 88-45 A (2002);
New York Pattern Jury Instructions, § 9. l(E) (2001).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 13

### SEXUAL  HARASSMENT - HOSTILE  WORK ENVIRONMENT

Plaintiff has asserted a claim against the Yacht Club under Title VII and the New York Human Rights Law alleging hostile work environment sexual harassment.  The Yacht Club denies these charges.  In order for Plaintiff to maintain a claim based on hostile work environment sexual harassment, she must prove the following by a preponderance of the evidence:

(1)      the Plaintiff was a member of a protected class;

(2)      the Plaintiff was subject to persistent unwelcome sexual harassment based on her sex;

(3)      the charged sexual harassment had the effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and

(4)      the Yacht Club had the responsibility for the alleged acts of sexual harassment in the workplace to which Plaintiff was subjected.

I will now discuss the proof required concerning each of these elements in more detail.

I instruct you that, as a female, Plaintiff is a member of a protected class and, therefore, she has established the first element of his claim of hostile work environment sexual harassment.

With respect to the second element, you must determine whether Plaintiff was subjected to unwelcome sexual harassment.  To establish a hostile working environment, plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive work environment.  Whether the harassment reaches the level of a hostile work environment is determined from a totality of the circumstances.

Factors for you to consider when determining whether a workplace is hostile include the frequency of the conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute a hostile work environment. Only extreme conduct amounting to a material change in the terms and conditions of employment can rise to the level of an unlawful hostile work environment. Trivial incidents, causal comments, and isolated acts, unless very serious, do not meet threshold of severity or pervasiveness required to establish a hostile work environment. If you find that the Plaintiff was not subject to persistent, unwanted sexual harassment you must find for the Defendants and you need not proceed further in your consideration of this claim.

In order to establish the third required element of this claim, the Plaintiff must prove by a preponderance of the evidence that a hostile work environment existed at the Centerport Yacht Club which unreasonably interfered with his work performance. Whether certain conduct creates a hostile work environment must be determined from the Plaintiff's subjective perception and also from a reasonable person's standpoint. To satisfy this requirement, the Plaintiff must establish by a preponderance of the evidence that she subjectively felt that she was being harassed because of her sex. Plaintiff must also establish that a reasonable person under the same circumstances would believe that the complained of conduct constituted sexual harassment.

Thus, Plaintiff must prove that she was subject to harassment that was both objectively and subjectively hostile. In other words, Plaintiff must show that both: (a) a reasonable person in Plaintiff's position would have perceived the work environment to be hostile and (b) that Plaintiff actually perceived her work environment to be hostile.

Let me explain the distinction I am drawing between these two concepts. You are asked to focus on how a reasonable person would have viewed the conduct and how a particular Plaintiff actually viewed the conduct, because the law raises competing concerns that must be balanced. On the one hand, the law recognizes that there may be some individuals who are more sensitive than others and who therefore may perceive harassment where most people would not. The focus on how reasonable people would view the events reflects a desire to avoid imposing liability where a reasonable person would not think that others would be offended. On the other hand, some individuals have thicker skins than others. They may not actually be offended by behavior that most persons would find objectionable. To allow a person who was not actually offended to recover simply because someone else would have been offended in similar circumstances also would be unfair. This is why you must determine whether Plaintiff proved that (a) she actually found the conduct hostile and (b) a reasonable person would have found the same conduct to be hostile.

Accordingly, In order to prove that a hostile work environment existed, the Plaintiff must prove by a preponderance of the evidence that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.   In determining whether Plaintiff has proved this element by a preponderance of the evidence, you are instructed that not all workplace conduct that may be described as harassment is actionable under the law. Title VII and the New York Human Rights Law are not intended as general civility codes and are not designed to purge the workplace of all improper behavior, they are only intended to protect against discrimination.   Absent a discriminatory motive, bad or unfair treatment or behavior that is immature, nasty, or annoying is not actionable as sexual harassment. If Plaintiff fails to prove this element by a preponderance of the evidence, you must find for the Yacht Club and you need not

proceed further in your consideration of this claim.

In order to establish the fourth, and final, element of her claim for hostile work environment sexual harassment, the Plaintiff must prove that her employer, the Centerport Yacht Club, was responsible for the complained of conduct.  If the Plaintiff proves that her supervisor, Mr. LaFreniere, committed the complained of conduct, the Yacht Club may be held responsible for that conduct.

If, however, you conclude that the Plaintiff has proven the existence of a sex-based hostile work environment but that the complained of conduct was not committed by her supervisor, Mr. LaFreniere, the Yacht Club may not be held responsible for that conduct under Title VII unless the Plaintiff also proves by a preponderance of the evidence that:

(1)     the Yacht Club knew of the complained of conduct but did nothing about it.

Thus, if you find that the complained of conduct was not committed by a supervisor, and the Yacht Club did not know about the conduct or did not fail to act upon learning of the conduct, you must find for the Yacht Club on Plaintiff's hostile work environment claim under Title VII.

> 42 U.S.C. §§ 2000 et seq.; 5 L. Sand, et al., <u>Modern Federal Jury Instructions - Civil</u>, ¶ 88.45, page 88-235-237 (2004); <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 114 S.Ct. 367 (1993); <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 67 (1986); <u>Pollis v. New School for Social Research</u>, 132 F.3d 115 (2d Cir. 1997); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995); <u>Karibian v. Columbia University</u>, 14 F.3d 773 (2d Cir. 1994); <u>Kotcher v. Rosa & Sullivan Appliance Center</u>, 957 F.2d 59 (2d Cir. 1992); <u>Johnson v. Tower Air, Inc.</u>, 149 F.R.D. 461, 469 (E.D.N.Y. 1993).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14**

EMPLOYER LIABILITY - NEW YORK HUMAN RIGHTS LAW

Under the New York Human Rights Law, the Yacht Club may not be held liable on Plaintiff's hostile work environment sexual harassment claim unless she proves that the Club became a party to the harassment by encouraging, approving, or condoning it. Thus, Plaintiff has the burden of showing that the Club encouraged, approved of or condoned the harassment she alleges.

To meet her burden of showing that the Club encouraged the harassment, Plaintiff must prove that the Club intentionally took some action to permit the harassment. To prove that the Club approved or condoned the harassment, Plaintiff must establish that the Club knew about the alleged harassment and allowed the harassment to continue.

In determining whether the Club encouraged, approved, or condoned the alleged harassment, you must consider all the circumstances, including when the Club learned of the alleged harassment and the extent to which Plaintiff informed the Club, or failed to inform the Club, of the alleged harassing conduct. If you determine that Plaintiff has not proved that the Club encouraged, approved, or condoned the alleged harassment, you must find in favor of the Club on her claim under the New York State Human Rights Law.

New York Pattern Jury Instructions, 9: l (E) (2002); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 311 (2004); State Div. of Human Rights v. St. Elizabeth's Hospital, 66 N.Y.2d 684, 496 N.Y.S.2d 411 (1985).

## DEFENDANTS' PROPOSED  INSTRUCTION  NO.  15

### AIDER AND ABETTER LIABILITY

As mentioned, individual employees, such as Mr. LaFreniere and Mr. Lourido, cannot be held personally liable for charges of sexual harassment under Title VII.  Plaintiff has alleged that Mr. LaFreniere and Mr. Lourido each "aided and abetted" the Defendant Centerport Yacht Club's alleged sexual harassment of Plaintiff.  Under the Human Rights Law, it is an unlawful discriminatory practice, "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

An individual employee cannot be found liable as an aider and abettor of discriminatory conduct unless the employer is first found liable for such conduct under the Human Rights Law. Thus, if you find that Plaintiff has failed to prove by a preponderance of the evidence that the Centerport Yacht Club is liable for sexual harassment under the New York Human Rights Law, then you must find in favor of the individual defendants on the aider and abettor claims.

If you find that Plaintiff has proved by a preponderance of the evidence that the Centerport Yacht Club is liable for sexual harassment under the New York Human Rights Law, then you must determine whether Mr. LaFreniere and Mr. Lourido each aided and abetted the Club in the harassment.  In order to be found to be an aider and abetter under the New York Human Rights Law, Plaintiff must prove by a preponderance of the evidence that Mr. LaFreniere and Mr. Lourido each actually participated in the conduct that gave rise to Plaintiff's claim of sexual harassment against the Club.

You must consider the claims and evidence against Mr. LaFreniere and Mr. Lourido separately.  If you find that Plaintiff has not proven by a preponderance of the evidence that an individual defendant actually participated in the conduct giving rise to her claim of sexual harassment, then you must find in favor of that individual defendant and you need not proceed

further in considering this claim against that defendant.


Schanfield v. Sojitz Corp. of America, 663 F.Supp.2d 305, 344 (S.D.N.Y. 2009);  Murphy v. ERA United, 251 A.D.2d 469, 674 N.Y.S.2d 415 (2d Dep't 1998)

## DEFENDANTS' PROPOSED   INSTRUCTION   NO. 16

### RETALIATION

Plaintiff next claims that she was retaliated against by the Centerport Yacht Club for complaining about alleged sexual harassment.  Plaintiff's retaliation claims are brought under both Title VII and the New York State Human Rights Law.

Title VII and the Human Rights Law make it unlawful to discriminate by retaliating against an employee because that employee has made a complaint of sexual harassment.  Retaliation is referred to as "taking action against an employee who has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing."  In order for a Plaintiff to establish a claim of retaliation she has the burden of proving each of the following essential elements by a preponderance of the evidence:

1.      That the Plaintiff engaged in protected activity under the law;

2.      That Defendant knew of the protected activity;

3.      That the Plaintiff was subjected to an adverse employment action; and

4.      A causal connection between the protected activity and the adverse employment action.

You must consider Plaintiff's retaliation claims based upon the specific instructions that I will now give you.

Adapted from Sand, Siffert, Reiss and Batterman, Modern Federal Jury Instructions, ¶ 88-46 (2002); Weinstock v. Columbia Univ., 224 F.3d 33 (2d Cir. 2000); New York Pattern Jury Instructions, 9:l.F. (2002).

## DEFENDANTS' PROPOSED INSTRUCTION  NO. 17

<u>PROTECTED ACTIVITY</u>

The first required element of a claim of retaliation is that the plaintiff engaged in protected activity.  Protected activity means action taken to protest or opposed prohibited discrimination or sexual harassment.  Protected activity may take the form of a formal complaint or by making an internal complaint to company management.  You are instructed that workplace complaints about unfair treatment do not constitute protected activity under the law.  Rather, in order for such a complaint to be deemed protected activity, it must protest against or oppose unlawful, not simply unfair, treatment.

In order for the Plaintiff to establish that she engaged in protected activity, she need not establish that the conduct of which she complained was in fact a violation of the employment laws.  Rather, to establish that she engaged in protected activity, Plaintiff need only prove that she was had a good faith belief that she was asserting claims covered by those laws.

To establish that his belief was in "good faith," it is insufficient for Plaintiff to merely allege that her belief was honest and bona fide, she must establish that his belief was objectively reasonable.  If you find that Plaintiff has not proven by a preponderance that she engaged in protected activity, then you need not go any further in considering her retaliation claims and you must return a verdict for the Defendants on those claims.

If you find that Plaintiff has proven by a preponderance of the evidence that she engaged in protected activity, you must then determine whether she has proven that the Yacht Club knew that she had engaged in such activity.  If you find that Plaintiff has not proven by a preponderance of the evidence that the Yacht Club knew of any protected activity, then you need not go any further in considering her retaliation claims and you must return a verdict for the Defendants on those claims.

<u>Kotcher v. Rosa and Sullivan Appliance Ctr.</u>, 957 F.2d 59, 65 (2d Cir. 1992);
<u>Bennett v. Watson Wyatt & Co.</u>, 156 F. Supp.2d 270, 271 (S.D.N.Y. 2001).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 18

### ADVERSE  EMPLOYMENT ACTION

If you find that the Plaintiff has proven that she engaged in protected activity of which the Yacht Club was aware, you must then consider whether she has proven by a preponderance of the evidence that she suffered an adverse employment action.  A Plaintiff sustains an adverse employment action if she endures a materially adverse change in the terms and conditions of employment.  To be materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities.  Although a Plaintiff need not suffer actual economic loss in order to establish an adverse employment action, adverse employment actions generally result in economic injuries such as dismissal, suspension,  failure to promote,  or diminution in pay.  Not every unpleasant matter short of discharge or demotion rises to the level of an adverse employment action, however.

Retaliation laws are intended to protect employees from genuine  workplace mistreatment and harassment; they are not intended to guarantee that employees will never suffer inconveniences or find their every desire will be fulfilled.   As a result, trivial and innocuous actions such as issuing a reprimand, subjecting an employee to excessive scrutiny, or providing a negative performance evaluation do not rise to the level of an adverse employment action where they are not accompanied by adverse consequences to the employee.

If you find that Plaintiff has proven by a preponderance of the evidence that she suffered an adverse employment action, then you must consider the next element of her claims of retaliation.  If, however, you find that Plaintiff has not proven by a preponderance of the

evidence that she suffered an adverse employment action, then you need not go any further in

considering her retaliation claims and you must return a verdict for the Defendants on those claims.

Adapted from Weeks v. New York State Div. of Parole, 273 F.3d 76, 85-87 (2d Cir. 2001); Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Scafidi v. Baldwin Union Free School Dist., 295 F.Supp.2d 235, 239 (E.D.N.Y. 2003); Mugavero v. Arms Acres, Inc., 2009 WL 890063 **9-10 (S.D.N.Y. 2009); Hubbard v. Port Auth. of N.Y. and N.J., 2008 WL 464694 *12 (S.D.N.Y. 2008)

## DEFENDANTS' PROPOSED INSTRUCTION NO. 19

### CAUSAL CONNECTION

If you find that the Plaintiff has proved by a preponderance of the evidence the first three elements of her retaliation claims, you must then consider whether she has established a causal connection between her protected activity and the adverse employment action.  In order to establish a causal connection, the Plaintiff must prove by a preponderance of the evidence that the Yacht Club would not have taken adverse action against Plaintiff "but for" her protected activity. The "but for" causation standard does not require proof that retaliation was the only cause of the adverse action, but it does require proof by a preponderance of the evidence that the adverse employment action would not have occurred absent Plaintiff's protected activity and the Defendant's retaliatory motive.

In this case, that means that it is for the Plaintiff to prove by a preponderance of the evidence that the adverse employment action she alleges would not have occurred if she had not engaged in any protected activity.  You are instructed that actions that would have occurred regardless of protected activity or which occurred prior to protected activity cannot have been caused by the protected activity.

If you find that Plaintiff has proven by a preponderance of the evidence, that she would not have suffered an adverse employment action but for her protected activity, then you must find for the Plaintiff on her retaliation claims.  If you find that Plaintiff has failed to prove that she would have suffered an adverse employment but for her protected activity, then you must find in favor of the Defendants on her retaliation claims.

Univ. of Tex. Sw. Med. Ctr. v. Nassar, ___ U.S. ___, 133 S. Ct. 2517, 2534 (2013); Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845-46 (2d Cir. 2013); Quarless v. Brooklyn Botanic Garden Corp., 2014 WL 2767085 *5 (E.D.N.Y. 2014);

## DEFENDANTS' PROPOSED INSTRUCTION NO. 20

### AIDER AND ABETTER LIABILITY - RETALIATION

As mentioned, individual employees, such as Mr. LaFreniere and Mr. Lourido, cannot be held personally liable for claims under Title VII.  As with her sexual harassment claim, however, Plaintiff has alleged that Mr. LaFreniere and Mr. Lourido each "aided and abetted" the Defendant Centerport Yacht Club's alleged retaliation against her.

As with a sexual harassment claim, an individual employee cannot be found liable as an aider and abettor of retaliatory conduct unless the employer is first found liable for such conduct under the Human Rights Law.  Thus, if you find that Plaintiff has failed to prove by a preponderance of the evidence that the Centerport Yacht Club is liable for retaliation under the New York Human Rights Law, then you must find in favor of the individual defendants on the aider and abettor claims.

If you find that Plaintiff has proved by a preponderance of the evidence that the Centerport Yacht Club is liable for retaliation under the New York Human Rights Law, then you must determine whether Mr. LaFreniere and Mr. Lourido each aided and abetted the Club in retaliating against her.  In order to be found to be an aider and abetter under the New York Human Rights Law, Plaintiff must prove by a preponderance of the evidence that Mr. LaFreniere and Mr. Lourido each actually participated in the conduct that gave rise to Plaintiff's claim of retaliation against the Club.

You must consider the claims and evidence against Mr. LaFreniere and Mr. Lourido separately.  If you find that Plaintiff has not proven by a preponderance of the evidence that an individual defendant actually participated in the conduct giving rise to her claim of retaliation, then you must find in favor of that individual defendant and you need not proceed further in considering

this claim against that defendant.


Schanfield v. Sojitz Corp. of America, 663 F.Supp.2d 305, 344 (S.D.N.Y. 2009);  Murphy v. ERA United, 251 A.D.2d 469, 674 N.Y.S.2d 415 (2d Dep't 1998)

## DEFENDANTS' PROPOSED INSTRUCTION NO. 21

### PLAINTIFF'S SUBJECTIVE BELIEFS

Plaintiff's own subjective beliefs, feelings, suspicions or speculation that she was retaliated against are not sufficient to meet her burden of proof of retaliation. It is also not enough for Plaintiff to show personality conflict with or dislike by a decision maker.

The burden in this case is always on Plaintiff affirmatively and ultimately to prove, by a preponderance of the evidence, the Yacht Club intentionally retaliated against her because of her alleged protected activity. If Plaintiff fails to meet her burden as to any of the elements of her claim, you must find for the Defendants on her retaliation claims.

St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert. denied, 474 U.S. 829 (1985); Thermidor v. Beth Israel Med. Ctr., 683 F.Supp. 403, 413 (S.D.N.Y. 1988); Howard v. Holmes, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987); Kremer v. Chemical Constr. Corp., 477 F.Supp. 587, 594 (S.D.N.Y. 1979), aff'd, 623 F.2d 786 (2d Cir. 1980), aff'd, 456 U.S. 461 (1982).

## DEFENDANTS'  PROPOSED   INSTRUCTION   NO. 22

### DAMAGES

Now let me speak a bit on the issue of damages. The fact that I am giving you this instruction should not be considered as a suggestion that you should find for the Plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from Defendant.  If you decide that the Plaintiff has not proven her claims by a preponderance of the evidence, you need not consider damages.  Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages, if any, which she is to be awarded.

If you decide that Plaintiff is entitled to a verdict, any award of damages must be reasonable.  You may award Plaintiff only such damages as will reasonably compensate her for any injury she has proven was caused by the alleged conduct.  You are not permitted to award speculative damages.

Again, if you decide that Plaintiff is entitled to an award of damages, you may consider emotional pain, suffering, inconvenience and mental anguish.  You are not to consider damages for lost past or future wages.  Those matters are for the Court to decide.

I have one more cautionary instruction before I define the type of damages you may award, if you find that the Plaintiff has proved liability according to the standards I have enumerated.

You must be careful to impose any damages that you may award on a claim solely upon the Defendant or Defendants whom you find to be liable on that claim.  Although there are multiple Defendants in this case, it does not necessarily follow that if one is liable, the others are liable as well.  Although, as I have previously instructed you, if you should find that

the Club is not liable to Plaintiff on her claims under the New York Human Rights Law, then

you must also find the individual Defendants no liable on the aider and abettor claims against

them.  Each Defendant is entitled to fair, separate and individual consideration of the case

without regard to your decision as to the other Defendant.

Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 160 (2d Cir. 2001);
Hine v. Mineta, 238 F. Supp.2d 497 (E.D.N.Y. 2003)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### CAUSATION AND DAMAGES

If you do find liability on the part of a Defendant, as I instructed you previously, you may award damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by that Defendant in violation of the law. You must distinguish between, on the one hand, the existence of a violation of Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. A violation of a right does not always result in compensable injury. Thus, even if you find that one or more of the Defendants deprived plaintiff of her rights in violation of the law, you must ask whether the Plaintiff has proven by a preponderance of the evidence that, with respect to each Defendant, the deprivation by that Defendant caused the damages that Plaintiff claims to have suffered.

Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977); Portee v. Hastava, 853 F. Supp. 597 (E.D.N.Y. 1994).

**DEFENDANTS' PROPOSED   INSTRUCTION   NO. 24**

COMPENSATORY   DAMAGES

I am about to instruct you on how to determine a damage award if you find an award to be appropriate.

If you return a verdict for Plaintiff, then you may award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of one or more of the  Defendants.

You shall award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence.  Damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

Annis v.  County of Westchester, 136 F.3d 239 (2d Cir. 1998);
Funk v. F&K  Supply, Inc., 43 F.Supp.2d  205, 226-29 (N.D.N.Y. 1999).

## DEFENDANTS' PROPOSED INSTRUCTION  NO. 25

### DAMAGES  - EMOTIONAL DISTRESS

If you find that the Plaintiff has proved by a preponderance of the evidence  that she was subjected to sexual harassment or unlawful retaliation and that one or more of the Defendants should be held liable for that harassment under either the Human Rights Law or Title VII, you must determine the amount of money that is fair compensation for Plaintiff's damages.  You may award compensatory damages only for injuries that Plaintiff proves were caused by a Defendant's allegedly wrongful conduct.  You are not to award damages for any mental or emotional distress or condition from which Plaintiff may have suffered due to other problems or difficulties unrelated to her workplace.

The Plaintiff has alleged that, as a result of the complained of conduct, she has suffered emotional pain and suffering. The Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.  If the Plaintiff failed to establish that she has experienced emotional pain and suffering as a result of the alleged sexual harassment and/or unlawful retaliation, then Plaintiff cannot recover compensatory damages for such alleged conduct.

If you determine that Plaintiff has proven by a preponderance of the evidence that she suffered emotional pain and suffering as a direct result of the alleged harassment and/or retaliation, then you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been or needs to be introduced into evidence.  No exact standard exists for fixing compensation to be awarded for these elements of damages. The damages that you award must be fair compensation – no more and no less.

When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character and seriousness of any emotional pain and suffering the Plaintiff actually felt.   You must also consider the magnitude, severity and duration of the emotional pain and suffering.   Any award you make must cover the damages endured by the Plaintiff since the wrongdoing.

In determining the amount of any damages that you may decide to award, you should be guided by dispassionate common sense.   You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.   You may not award damages based on sympathy, speculation, or guess work.   You must also remember that the purpose of such an award of compensatory damages for mental or emotional distress is not to punish a Defendant for any unfair treatment that you may find that Defendant committed toward Plaintiff.

Adapted from Section of Litigation, Amer. Bar Ass'n. <u>Model Jury Instructions: Employment Litigation</u>, §1:07(3); O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 171.90; <u>Funk v. F&K Supply, Inc.</u>, 43 F. Supp.2d 205 (N.D.N.Y. 1999).

**DEFENDANTS' PROPOSED INSTRUCTION  NO. 26**

<u>MITIGATION</u>

In the event that you find that Plaintiff has proven her retaliation claim, you must then determine whether she has met her obligation to mitigate any damages she may have suffered.  A victim of retaliation is under a legal duty to use reasonable efforts to mitigate his or her damages by seeking alternate employment and by accepting reasonable offers of employment if made.  The goal of mitigation is to prevent a victim from remaining idle and doing nothing following her loss of employment.

The Defendants have the burden of proving, by a preponderance of the evidence, that Plaintiff failed to mitigate any damages she may have suffered.  An employer may satisfy its burden by proving that suitable work existed in the marketplace and that its former employee made no reasonable effort to find it.  Or if the employer can demonstrate that a former employer's efforts to locate suitable employment were not reasonable, that fact alone is sufficient to establish a failure to mitigate without any proof that other suitable employment existed.

The ultimate issue in a mitigation of damages question is whether the former employee acted reasonably in attempting to gain other employment.  A former employee must use reasonable diligence in seeking new employment.  If you find that Plaintiff's attempts to find other employment were unreasonable, short lived or not extensive, you should find that she has failed to mitigate her damages. However, if you find that she has used all reasonable efforts to obtain new employment, than you should find that she has mitigated her damages.

If you find that Plaintiff has failed to mitigate her damages, she is not entitled to an award of back-pay damages and you should indicate that on the verdict sheet.  Further, if you find that Plaintiff has mitigated her damages, any monies she earned since leaving her position with the Yacht Club must be deducted from any award of backpay.

<u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53 (2d Cir. 1998); <u>Pincinich v. United Parcel Service</u>, 2005 U.S. Dist. LEXIS 38212 (N.D.N.Y Dec. 23, 2005), *vacated on other grounds*,

236 Fed. Appx. 663 (2d Cir. 2000); <u>Pierce v. F.R. Tripler & Co.</u>, 955 F.2d 820, 829-30 (2d Cir. 1992); <u>Hine v. Mineta</u>, 238 F. Supp. 2d 497 (E.D.N.Y. 2003).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 27

<u>NOMINAL  DAMAGES</u>

If you return a verdict for the Plaintiff, but find that she has failed to prove by a preponderance of the evidence that she suffered any damages, then you may not award any damages to her.  You may, however, award nominal damages in a sum not to exceed one dollar.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages. Either the Plaintiff was measurably injured by a deprivation of her legal rights, in which case you award compensatory damages, or she was not, in which case you may award nominal damages.

If you find that Plaintiff has failed to prove by a preponderance of the evidence that any alleged damages were a direct result of the conduct of any Defendant, then you may not award her any damages against that Defendant, but you may award nominal damages not to exceed one dollar.

Adapted from Sand, Siffert, Reiss and Batterman, <u>Modern Federal  Jury Instructions</u>, ¶ 88-71 (2002).

## <u>DEFENDANTS' PROPOSED   INSTRUCTION   NO. 28</u>

<u>PUNITIVE  DAMAGES</u>

If you find that Plaintiff has proven by a preponderance of the evidence that the Centerport Yacht Club is liable for sexual harassment or retaliation under Title VII, then you may also consider whether to make a separate and additional award of punitive damages against the Club on either such claim. You may not award punitive damages against Mr. LaFreniere or Mr. Lourido and you are not required to award punitive damages against the Yacht Club, regardless of the circumstances.

Punitive damages are awarded, in the discretion of the jury, to punish a Defendant for extreme or outrageous conduct, or to deter or prevent a Defendant from committing such conduct in the future.

Punitive damages may only be awarded against the Club if Plaintiff proves by a preponderance of the evidence that the acts of the Club were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done in reckless or callous disregard of, or indifference to, the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that the Club acted maliciously or wantonly with regard to her rights.

An intent to injure exists when a Defendant has a conscious desire to violate federal rights of which he/she/it is aware, or when a Defendant has a conscious desire to injure the Plaintiff in a manner he/she/it knows to be unlawful.  A conscious desire to perform the physical acts, or to fail to undertake certain acts, does not by itself establish that a Defendant has  a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the Centerport Yacht Club acted with malicious intent to violate the Plaintiff's rights or unlawfully injure her or if you find that defendant acted with a callous or reckless disregard of the Plaintiff s rights, then you may award punitive damages.   An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, you still have the right not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a Defendant for outrageous conduct or to deter him/her/it and others like him/her/it from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the Yacht Club may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent the Club from again performing any wrongful acts it may have performed, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent a Defendant from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in finding the sum to be awarded, you should consider the degree to which the Club should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter the Club from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a Defendant, and the

extent to which a particular sum will adequately deter or prevent future misconduct, may

depend upon the financial resources of that Defendant.   Therefore, if you find that punitive

damages should be awarded against the Club, you may consider its financial resources in fixing

the amount of such damages.  On that point, you are instructed that the parties have stipulated

that the Yacht Club would have the ability to pay a punitive damage award in the event one is

awarded in this case.  In determining an appropriate amount of punitive damages, you should

also consider whether the amount of punitive damages has a reasonable relationship to the actual

damages in the case.

       You are cautioned that if you do elect to award punitive damages, you should fix the

amount using calm discretion and sound reason.  You may not be influenced by sympathy or

dislike of any party in this case.


Memphis Community School Dist. v. Stachura, 477 U.S. 299, 106 S. Ct. 2537 (1986); Smith v.
Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983); City of Newport v. Fact Concerts, Inc., 453 U.S.
247, 101 S.Ct. 2748 (1981).

## DEFENDANTS' PROPOSED   INSTRUCTION   NO. 29

### DOUBLE  RECOVERY  AND  COMPENSATORY  DAMAGES

I have said that, if you return a verdict for the Plaintiff, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of the Defendant.   In this case, the Plaintiff claims that the Defendants violated her rights through alleged sexual harassment and retaliation.  If you find that a Defendant did in fact violate more than one of the Plaintiff s rights, you must remember, in calculating the damages, that the Plaintiff is entitled to be compensated only for injuries she actually suffered.

Thus, if a Defendant violated more than one of the Plaintiff s rights, but the resulting injury was no greater than it would have been had the defendant violated one of those rights, you should award an amount of compensatory damages no greater than you would award if the Defendant had violated only one of Plaintiff's rights.   If, on the other hand, a Defendant violated more than one of the Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the Plaintiff for the separate injuries she has suffered.

Similarly, if you find that more than one Defendant violated Plaintiff's rights which resulted in the same injury to the Plaintiff, you may not award Plaintiff double damages for that injury.  You should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the Plaintiff for the injuries she has suffered, regardless of whether those injuries may have been caused by more than one Defendant.

## DEFENDANTS' PROPOSED  INSTRUCTION  NO. 30

### DELIBERATIONS    (UNANIMOUS  VERDICT)

As I mentioned earlier, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember, at all times, you are not partisans. You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If during your deliberations you should desire to communicate with the court, please reduce your message or question to a writing signed by your foreperson, and pass the note to the clerk who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.   In the course of your writing to the court, you should not disclose how you may stand or what your vote on any issue may be.   In other words, sometimes the jurors send in a note

which indicates how they are divided in their votes. That is a matter for you and you alone,

and so I ask that you not disclose that information in any note to the Court. Any time

during your deliberations you may request to see any of the exhibits or have any part of the

testimony read to you.

## DEFENDANTS' PROPOSED INSTRUCTION  NO. 31

<u>SPECIAL  VERDICT</u>

Your verdict will take the form of a special verdict comprised of your answers to  written questions.  Your  answer  to  each  question  must  reflect  your  unanimous  verdict  on  each question. In a few moments I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

Respectfully submitted,

LAW OFFICES OF JAMES P. CLARK PC

/s/

By:_____
    James P. Clark (JC 0824)
    *Attorneys for Defendants*
    256 Main Street, Suite 202
    Northport, New York 11768
    (631) 261-1040